# *No. 16-1464*

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

**JOANIE ALSTON**,
Appellant,

v.

**PARK PLESEANT, INC.**,
Appellee.

APPEAL FROM ORDERS OF
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA,
ENTERED ON OCTOBER 21, 2015 AND FEBRUARY 2, 2016

**REPLY BRIEF FOR APPELLANT**

Dennis L. Friedman, Esquire
Attorney for Appellant
1515 Market Street
Suite 714
Philadelphia, PA 19102-1907
(215) 567-4600

# TABLE OF CONTENTS

**PAGE**

Table of Cases, Statutes and other Authorities . . . . . . . . . . . . . . . . . . i

II.    Reply Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.    Mischaracterization of Alston's Allegations . . . . . . . . . . . . . . 1

        C.    Cancer Diagnosis Under the ADA Amendment Act . . . . . . . . 2

        D.    Issue of Pretext . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        E.    Spoliation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    Certification re Electronic Filing . . . . . . . . . . . . . . . . . . . . . . . 5

IV.    Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

## CASES                                                                    PAGES

*Adickes v. S.H. Kress & Co.*
398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) . . . . . . . . . . . . . . . . . . . 3

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) . . . . . . . . . . . . . . . . . 3

*Maldonado v. Ramirez*
757 F.2d 48, 50 (3rd Cir.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATUTES AND REGULATIONS

Americans with Disabilities Act, 42 U.S.C. § 12101 . . . . . . . . . . . . . . . . 1, 2

Fed.R.Civ.P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## II. **REPLY ARGUMENT**

### A. Introduction

It's a fundamental principle that the Court, in evaluating a motion for summary judgment, must not make credibility determinations or weigh evidence. This principle applies in all phases of a summary judgment analysis. There is no exception carved out to this principle. Therefore, if an employer proffers an alleged plausible reason in support of a lack of pretext argument, if that plausible reason is dependent upon statements made by individuals, the Court cannot rely on those statements without independent corroborative evidence consistent with the statements made.

### B. Mischaracterization of Alston's Allegations

In the response brief, respondent has mischaracterized the assertions made by Alston. Alston has alleged that the information that she had conveyed to management was information related to a cancer diagnosis and treatment for cancer. Park Pleasant is attempting to alter the factual allegations by injecting its own characterization of Alston's communications with Park Pleasant as DCIS, rather than cancer, in an attempt to imply that the DCIS condition does not fall within the ADA Amendments Act of 2008. Park Pleasant has never identified any communications between Alston and Park Pleasant where DCIS was mentioned.

### C. Cancer Diagnosis Under the ADA Amendments Act

Park Pleasant has not denied that the issue of whether Alston - by virtue of her cancer diagnosis only, was deemed to be an individual with a disability pursuant to statute - was a matter of first impression in Third Circuit. Alston has identified decisions within the Tenth Circuit which hold that, under the ADA Amendments Act, an individual who has been diagnosed with cancer which is in remission qualifies as an individual with a disability.

Park Pleasant's arguments that Alston failed to meet her burden at the summary judgment stage that Nancy Kleinberg, the principal of Park Pleasant and the terminating official, was not aware of Alston's cancer diagnosis or medical treatment for cancer, is unsupported by the facts and the law. First, it should be noted that Kleinberg provided patently false responses to Alston's interrogatory requests, in that she denied that she was in possession of email communications that Alston had sought through discovery. **Appel.Br.** 7-10. At a later deposition of Kleinberg, she admitted to be in possession of hard drives containing email data which, to this day, has never been produced. **Appel.Br.** 14-15. This false testimony supports Alston's contention that the testimony cannot support a summary judgment finding. As a fundamental principle, a Court, in evaluating a motion for summary judgment, must not make credibility determinations or weigh evidence. This principle applies to all phases of the summary judgment

2

analysis. There are no exceptions carved out to this principle. Accordingly, Kleinberg's alleged denial of any knowledge of Alston's cancer diagnosis and cancer treatment cannot be relied on by the Court at the summary judgment stage.

### D.  Issue of Pretext

Park Pleasant's arguments concerning pretext miss the mark. Again, Park Pleasant has disregarded the holding in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The 1963 Amendment commentary to Fed.R.Civ.P. 56(c) states, in part, "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." See, *Maldonado v. Ramirez*, 757 F.2d 48, 50 (3rd Cir.1985). "Although the safer course is always to come forward with contrary evidence, the Supreme Court has stated that a response is not essential to defeat a motion that does not satisfy the movant's initial burden. *Id.* at 51 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160-61, 90 S.Ct. 1598, 1609-10, 26 L.Ed.2d 142 (1970)).

Park Pleasant's factual allegations are in genuine dispute and are based upon the credibility-dependent, self-serving statements of Kleinberg and

Carmella Kane.

The fact that an employer has posited a legitimate non-discriminatory reason does not end the analysis as to whether summary disposition is appropriate. If the employer's factual support for the alleged legitimate non-discriminatory reason is dependent upon weighing disputed issues of fact or ascribing to the individuals making factual allegations a level of truthfulness, then summary disposition is not appropriate. Alston had submitted two factually comprehensive declarations setting forth support for her lawsuit. Park Pleasant produced no admissible documentation supporting its assertion of lack of pretext. **Appel.Br.** 16-17.

Park Pleasant has alleged that Alston's declaration was sham declaration, but, other than making that conclusory statement, woefully failed to address the fact-laden arguments made by Alston to discredit the "sham affidavit" allegation of Park Pleasant. **Appel.Br.** 17-19.

### E.  Spoliation

With regard to the issue of spoliation sanctions, Park Pleasant simply ignored the material evidence conclusively establishing that Kleinberg made a false verification in response to interrogatories, whereby she misled Alston into believing that Park Pleasant was not in possession or control of critical emails and, then, compounded that false activity by refusing to produce the documents within its possession unless substantial monies were paid by

plaintiff, in the absence of any justification to support the payment of any money.

The refusal of Park Pleasant to produce the relevant emails or to provide any affidavit in which it set forth reasons why the email system could not have been readily and easily searched at an insignificant cost, supports Alston's contention that Park Pleasant intentionally withheld material information which, if produced, fully supported Alston's allegations and which discredited the alleged pretextual excuses provided by Park Pleasant. The documents withheld by Park Pleasant, had they been produced, would have established that Kleinberg had knowledge of Alston's medical condition, that Kleinberg made comments about her concern that Alston would be able to handle her position because of her medical condition, that Alston provided Kleinberg with all work product that had been assigned to her, that Alston had performed work in an exemplary manner, that Kleinberg did not have any issues with Alston's performance or work product, that Alston's replacement did not handle the amount of work that Alston had handled, that Alston's replacement showed deficiencies in performance that Alston did not have and that Alston's replacement did not produce the amount of work that Alston produced.

III. <u>CERTIFICATION RE ELECTRONIC FILING & COMPLIANCE</u>

I hereby certify that the electronic copy of the brief for appellant is identical to the hard copies that were filed on September 9, 2016.

The electronic copy of the Reply Brief for Appellant was scanned using

Norton Internet Security, Version 2016.

The number of words in the brief, table of contents, table of citations, and attorney certifications, is 889.

September 9, 2016

s/ Dennis L. Friedman

DENNIS L. FRIEDMAN
Attorney for Appellant
1515 Market Street, Suite 714
Philadelphia, PA  19102
(215) 567-4600

## IV.  CERTIFICATE OF SERVICE

Dennis L. Friedman, Esquire, certifies that two copies of the Reply Brief for Appellant were transmitted on September 9, 2016 by regular mail to the attorney for Appellee, Caren Litvin, Esquire, Mancheski and Bunker, 1600 John F. Kennedy Boulevard, Suite 500, Philadelphia, PA  19103.

s/ Dennis L. Friedman

DENNIS L. FRIEDMAN, ESQUIRE

Dated:  September 9, 2016